# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES E. BOSTIC, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:20-cv-00352 |
| TENNESSEE DEPARTMENT OF CORRECTION, et al., | ) JUDGE CAMPBELL |
| Defendants.[1] | ) |

## MEMORANDUM AND ORDER

Plaintiff James E. Bostic, an inmate at the Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) As explained below, this action will be transferred to the Eastern District of Tennessee, and Plaintiff's application to proceed IFP will be reserved for the receiving court.

### I. APPLICATION TO PROCEED IN FORMA PAUPERIS

A prisoner may not file a civil action IFP in district court if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has, on at least three prior occasions, filed a civil action or an appeal that has been dismissed for failure to state a claim upon which relief may be

---

[1] The lead defendant in this case is listed in CM/ECF as Katherine Campbell. However, the complaint identifies Ms. Campbell as a defendant to Plaintiff's *prior* action in this Court (Doc. No. 1 at 1); she is not otherwise mentioned in the current complaint. Her name must therefore be removed from the docket of this case.

granted. *See Bostic v. Corrs. Corp. of Am., et al.*, Case No. 3:06-0041 (M.D. Tenn.) (dismissed for failure to state a claim on 1/19/06), *aff'd on appeal*, No. 06-5249 (6th Cir. 10/12/06); *Bostic v. Metro. Public Defender's Office, et al.*, Case No. 3:05-0455 (M.D. Tenn.) (dismissed for failure to state a claim on 6/9/05); *Bostic v. Metro. Public Defender's Office, et al.*, Case No. 3:05-1014 (M.D. Tenn.) (dismissed as frivolous on 11/30/05). In light of these prior dismissals, Plaintiff is a "three-striker" who may only proceed as a pauper in this action if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the complaint, Plaintiff alleges that certain units of BCCX, including his own, are on "lockdown," resulting in restricted access to recreation, the "chow hall," showers, the library, and to prison medical services. (Doc. No. 1 at 2–3.) Regarding access to medical services, he alleges that "they will not call us for sick call nor let us come to medical on sick call requests" (Doc. No. 1 at 3), though he does not allege that he personally requested to be seen and was denied. Plaintiff claims that the lockdown of his unit persists even though he was told by a guard that it should not because they were not known to have "the [COVID-19] virus." (*Id.*) Plaintiff alleges that he is in imminent danger of serious physical injury "because they will not give me my blood pressure medications for my high blood pressure[] condition and other serious medical health conditions," despite his history of serious high blood pressure. (*Id.* at 5.) As relief, Plaintiff seeks an order enjoining "defendants Tennessee Department of Corrections and its Bledso[e] prison officials" to "stop doing the wrongs mentioned herein and do right." (*Id.* at 2, 6.)

Plaintiff subsequently filed a declaration (Doc. No. 4) and a supplement to his complaint (Doc. No. 5) in which he alleges imminent danger from being celled with inmates he is (or should be) designated as incompatible with, despite the knowledge of such incompatibility by counselor Sims and correctional officers Webb, Woodley, and Larkhartt.

Because this action will be transferred to the Eastern District of Tennessee, where a substantially identical complaint is pending,[2] the determination of whether these allegations satisfy the "imminent-danger" exception will be left for the receiving court.

## II. VENUE

Under 28 U.S.C. § 1391(b), venue is proper in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b). Even when an action is brought in a proper venue, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a); *see Burnett v. Caruso*, No. 10-cv-10749, 2010 WL 1609256, at *1 (E.D. Mich. Apr. 19, 2010). The decision to transfer an action pursuant to Section 1404(a) lies within the broad discretion of the district court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *see K-Tex, LLC v. Cintas Corp.*, 693 F. App'x 406, 408 (6th Cir. 2017).

Here, while the offices of the Tennessee Department of Correction are located in this district, the unnamed Bledsoe prison officials and the individuals named in the supplemental complaint would appear to reside in Bledsoe County, which is in the Southern Division of the Eastern District of Tennessee. 28 U.S.C. § 123(a)(3). The alleged events giving rise to this action occurred at Bledsoe County Correctional Complex, where Plaintiff himself resides. "Although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in

---

[2] On the same date that Plaintiff filed the instant complaint, he also filed the complaint in *Bostic v. Tennessee Dep't of Corrs. Officials*, No. 3:20-mc-00029-TAV-DCP (E.D. Tenn. Apr. 24, 2020). A notice of deficiency is pending in that case. *Id.* at Doc. No. 2.

3

cases when the plaintiff has little or no connection to the chosen forum." *Burnett*, 2010 WL 1609256, at *2. The Court therefore finds that transfer of this case to the Eastern District is warranted in the interest of justice, pursuant to 28 U.S.C. § 1404(a).

Accordingly, the Clerk is directed to **TRANSFER** this action to the United States District Court for the Eastern District of Tennessee, Southern Division at Chattanooga. Plaintiff must send any future filings in this case to the Eastern District of Tennessee.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE